(No. 38971.—

ROBERT BOWMAN *et al.*, Appellants, *vs.* LAKE COUNTY PUBLIC BUILDING COMMISSION *et al.*, Appellees.

*Opinion filed Dec. 7, 1964.—Rehearing denied Dec. 28, 1964.*

PAUL E. HAMER, of Northbrook, for appellants.

ANDREW A. SEMMELMAN, of Lake Forest, BRUNO W. STANCZAK, State's Attorney, of Waukegan, and SNYDER, CLARKE, DALZIEL, HOLMQUIST & JOHNSON, of Waukegan, (GERALD C. SNYDER, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is another chapter in the litigation which has thus far prevented the construction and financing of a courthouse complex for the use of Lake County.

Plaintiff Robert Bowman filed the current taxpayers' action against the Lake County Public Building Commission and the county of Lake and its board of supervisors on

November 26, 1963, the date that rehearing was denied in a practically identical suit previously instituted by him wherein we affirmed the judgment of the circuit court of Lake County striking his amended complaint, dismissing his action and denying leave to further amend. *Bowman* v. *County of Lake,* 29 Ill.2d 268.

The defendants here, joined by the Lake County Bar Association and its president, then sought an original writ of prohibition to prevent the circuit court from exercising jurisdiction in the present action on the ground that it was identical in principle to the first case and sought to relitigate that case and thereby nullify our decision. We denied the writ since there was no indication that the trial court intended to take any action in disregard of the decision of this court, (*People ex rel. Lake County Bar Ass'n* v. *Circuit Court of Lake County,* 31 Ill.2d 170 (No. 38331),) and pointed out that petitioner had more appropriate remedies.

Thereafter, the Lake County Bar Association and Frank M. Daley, an individual taxpayer, were permitted to intervene in this action. They joined the defendants in an answer and counterclaim alleging that this proceeding is designed to prevent the issuance and sale of proposed revenue bonds to finance construction of the improvement, that no issue is raised that had not been raised and decided in the first case and praying that plaintiff and all the other taxpayers of the county of Lake be permanently enjoined from further prosecution of this cause and from the institution of further litigation raising any issue adjudicated in the first *Bowman* case. (29 Ill.2d 268.) The trial court entered a decree restraining the plaintiff and all other taxpayers of the county of Lake from further prosecution of this case "and from the institution of vexatious or harassing litigation of any issue raised and decided, or governed in principle by the Supreme Court of the State of Illinois in *Bowman* v. *County of Lake,* 29 Ill.2d 268." This appeal followed.

Plaintiffs in their reply brief assert that the counter-claim is not at issue because the trial court did not permit them to file an answer thereto. The record shows that plaintiffs filed a reply to the answer but did not file an answer to the counterclaim. They did file a motion to strike the counterclaim which was denied by the court but the record is entirely silent as to their reason for having failed to file an answer to the counterclaim.

The essence of the relief sought in the complaint is restoration of public funds granted to the commission by the county, the recovery of title to public lands transferred by the board of supervisors to the commission, a finding of unconstitutionality of the Public Building Commission Act or in the alternative, a finding of noncompliance with the valid provisions of the act, a finding that taxes levied by the county for corporate purposes in each year since 1957 are illegal and unconstitutional and praying for an injunction enjoining the defendant county and its board from accumulating excess public funds and directing a referendum to determine the amount of debt to be incurred for the erection of a courthouse.

The constitutionality of the Public Building Commission Act was upheld in *People ex rel. Adamowski* v. *Public Building Commission of Chicago,* 11 Ill.2d 125, and need not be further considered. However, plaintiffs additionally contend that the permanent injunction has deprived them of a full hearing guaranteed by the due-process clause of the Federal and State constitutions and that it has deprived them of their "certain remedy" guaranteed by section 19 of article II of the State constitution.

These additional charges of unconstitutionality require a comparison of the scope of the holdings in the first case with the issues which plaintiffs now seek to have decided. The plaintiffs are seeking the same relief here that they sought in the first *Bowman* case. We there fully explained that substantively and procedurally their complaint, if

proved, would not warrant the relief sought. In this case they have made some adjustments in their pleadings and engaged in procedural maneuvering which they contend take this case outside the holding of the first case. We have carefully examined the record and briefs and find that the many distinctions drawn by plaintiffs between this case and the first are without a difference. To fully discuss each of the distinctions would render this opinion an argumentative repetition of the opinion in the first Bowman case. It is sufficient to note that the only new matters are the allegations relating to subsequent transfer of funds and the execution of a lease. As noted in the prohibition case (No. 38331) with reference to the transfer "* * * these are no different in principle from the earlier transfers and are governed by our early opinion", and with respect to the lease, "* * * it [the complaint] fails to point out in what respects the lease or the levy of the annual tax to pay the rent fails to conform to the provisions of section 14(h),(i) and (j) of the Public Building Commission Act relating to leases or section 18 providing for the levy of a tax for the payment of rental."

After the entry of the decree appealed from, Matthew Hoffman, and counsel for plaintiffs, as taxpayers, sought to file a supplemental complaint in this cause also attempting to raise the same issues, and the trial court denied leave. Upon oral motion we permitted it to be submitted as a part of the record. Ample opportunity has been afforded the plaintiffs and any other taxpayer to assert their claims and it was well within the discretion of the trial judge to deny the motion to file such supplemental complaint.

We are of the opinion that the issues in this case were disposed of in the first Bowman case and that plaintiffs have not been denied due process of law or their "certain remedy".

Defendants assert that the continued efforts of plaintiffs are for the purpose of harassment, which plaintiffs

deny. Whether intended or not, this litigation has, in fact, been harassing and vexatious. The litigation has thus far retarded the construction of this improvement and the sale of the revenue bonds to finance it. Under these circumstances the court was amply justified in ordering the writ to issue. See 28 Am. Jur., Injunctions, sec. 210; C.J.S., Injunctions, sec. 40 h.

The decree sustaining defendants' counterclaim is affirmed. Mandate is to issue immediately.

*Decree affirmed.*