TRUSTEES OF SCHOOLS OF TOWNSHIP 42 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, COOK COUNTY, ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* GERALD A. SCHROEDER *et al.*, Defendants-Appellants.

(No. 55877;

First District—October 24, 1972.

John E. Juergensmeyer, of Elgin, for appellants.

Philip W. Tone, Donald R. Harris, and Albert J. Horrell, all of Chicago, (Jenner & Block, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a suit by plaintiffs, trustees of schools of a township and the board of education of a school district, against Gerald Schroeder and his wife Clara to restrain vexatious and harassing litigation and recover damages therefor. The cause was referred to a Master in Chancery. After approving his first report, the trial court entered a decree which found that following affirmance of a condemnation judgment by the Supreme Court, defendants had engaged in vexatious and harassing litigation with plaintiffs. Defendants were permanently enjoined from instituting any proceeding for the purpose of affecting the verdict and judgment entered in the condemnation case. The long and bitter history of the litigious controversy that formed the factual base for the decree is recounted in *Schroeder v. Busenhart*, 80 Ill.App.2d 431, 225 N.E.2d 702. We will not repeat it here.

Thereafter, defendants moved to vacate the decree and for leave to file a counterclaim. The motion was denied. Then, the cause was re-referred to the Master to hear evidence and determine damages which plaintiffs were entitled to recover from defendants "[f]or their attorneys' fees, expenses and costs incurred * * *" in the litigation in which defendants engaged after affirmance of the condemnation judgment. Evidence heard by the Master consisted of testimony by the lawyers who represented plaintiffs in the litigation. This testimony was supported by law office time records and entries of disbursements for expenses. Proof was made that plaintiffs, as billed by the lawyers, paid the attorneys' fees and the expenses. Neither the testimony of the lawyers nor their supporting evidence was controverted by defendants. The Master found and reported to the court that plaintiffs were entitled to recover from defendants the sum of $23,930 in attorneys' fees and $614.21 in expenses. After hearing and overruling exceptions to the report, the trial court

entered a judgment that awarded plaintiffs damages in the sum of $24,544.21.

In this appeal defendants present several issues. We will decide only two. 1. Whether defendants were denied constitutional rights (a) by reference of the cause to a Master, after the office of Master in Chancery was constitutionally abolished; (b) by refusal of the trial court to allow defendants to file a counterclaim; (c) by issuance of a decree that permanently enjoined defendants from instituting further litigation attacking the fee simple title to land which plaintiffs' acquired in a condemnation proceeding. 2. Whether in a suit to enjoin vexatious and harassing litigation, Illinois law allows recovery of attorneys' fees and expenses as elements of damages.

■■ After considering the arguments of the parties on the first issue, we conclude that reference of the cause to the Master was proper. He was in office when the suit was filed, when the constitutional amendment abolished Masters in Chancery and when, by appropriate orders, the reference was made. Therefore, he had the authority to hear the case. *House of Vision, Inc. v. Hiyane,* 37 Ill.2d 32, 36, 225 N.E.2d 21; compare *People ex rel. Martoccio v. Atten,* 42 Ill.2d 212, 246 N.E.2d 265.

■■ Defendants could have filed the counterclaim with their answer, but when they asked leave to file it post-decree, it was for the trial court to decide whether leave should be granted. (*Bernat v. Hendrickson,* 327 Ill.App. 332, 64 N.E.2d 235 (abstr.).) The trial court had discretion to allow or deny filing of the counterclaim. (*Evaskus v. Neff, Kohlbusch and Bissell, Inc.,* 40 Ill.App.2d 416, 189 N.E.2d 542 (abstr.).) This was particularly true when plaintiffs, in their objections, showed that defendants were seeking to relitigate issues barred by the doctrine of *res judicata.* See *People v. Busenhart,* 29 Ill.2d 156, 159-60, 193 N.E.2d 850; *Trustees of Schools of Tp. 42 North v. Schroeder,* 2 Ill.App.3d 1009, 1015, 278 N.E.2d 431.

■■ As to the injunction decree, defendants do not question the trial court's finding that they engaged in vexatious and harassing litigation with plaintiffs. It is well established that a court has inherent power to protect itself and litigants against vexatious and harassing litigation. (*People v. Circuit Court of Lake County,* 31 Ill.2d 170, 173, 201 N.E.2d 109; *Shatz v. Paul,* 7 Ill.App.2d 223, 129 N.E.2d 348.) It follows that neither reference of the cause to the Master, denial of leave to file the counterclaim nor entry of the permanent injunction decree deprived defendants of any constitutional right. *House of Vision, Inc. v. Hiyane, supra;* see *Bowman v. Lake County Public Building Commission,* 31 Ill.2d 575, 203 N.E.2d 129. We now turn to the issue concerning the judgment for damages.

■■ Arguing their position on damages, plaintiffs first contend that defendants have not preserved the issue for review. The record, however, discloses that before answering plaintiff's complaint, defendants made a motion to strike and dismiss. One of defendants' grounds was that the complaint did "[n]ot state a cause of action [because] there is no cause of action in the State of Illinois for various costs of suit, attorneys' fees or other expenses except as allowed by statute, or as provided by contract or agreement between the parties  *  *  *." The motion was denied. This ruling preserved for review the issue whether in a suit to enjoin vexatious and harassing litigation, Illinois law allows recovery of attorney's fees and expenses as elements of damages. See *J. & R. Electric Co. v. Edward P. Allison Co.*, 125 Ill.App.2d 123, 260 N.E.2d 755. Therefore, we must reject plaintiffs' first contention.

Plaintiffs also contend that the award of damages was proper because under Illinois law compensatory damages can be recovered by a party injured by vexatious and harassing litigation. In support of this contention, plaintiffs cite *American Optometric Assn. v. Ritholz*, 101 F.2d 883, 888 (7 Cir. 1939) where it was held that "[t]he facts of this case present a cause which, under the Illinois decisions, would entitle the plaintiff to recover damages for all injuries which are the proximate result of the malicious prosecutions instituted by the defendants in accordance with their unlawful conspiracy. One item of injury is the expense of attorney's fees in defending the suits."

■■ It can be readily seen that *American Optometric Assn. v. Ritholz* is not in point. That case rested on a line of Illinois decisions which hold that a person who had been the victim of maliciously prosecuted suits, suits that constitute clear abuse of legal process, can recover damages. It does not support the proposition that in a suit to enjoin vexatious and harassing litigation, expenses, including attorneys' fees, can be recovered as elements of damages. This is so because under Illinois law, apart from sums allowable and taxed as costs, the expenses of trial preparation, of litigation or expenditures for counsel fees, cannot be recovered as damages. (*Chicago Coliseum Club v. Dempsey*, 265 Ill.App. 542; *Boss v. Coe Investment Co.*, 45 Ill.App.2d 417, 195 N.E.2d 735; I.L.P. Damages, Section 62.) The assessing of attorneys' fees against the losing party in a litigation rests wholly on statutory or contractual authority. (*Ritter v. Ritter*, 381 Ill. 549, 553, 46 N.E.2d 41.) In this State, there is no common law or equitable principle that allows attorneys' fees either as costs or as damages. (*People ex rel. Henderson v. Redfern*, 104 Ill.App.2d 132, 243 N.E.2d 252; *House of Vision, Inc. v. Hiyane*, 42 Ill.2d 45, 245 N.E.2d 468.) Therefore, because there is no statute or contract to support the recovery as damages of expenses and attorneys' fees in a case like this

one, we are constrained to conclude that Illinois law does not authorize the judgment in favor of plaintiffs for $23,930 in attorneys' fees and $614.21 in expenses. It is one thing to enjoin defendants from pursuing vexatious and harassing litigation; it is another to impose on them a judgment for damages that will establish a legal precedent of far-reaching consequences.

For these reasons, the decree for injunction and the order denying leave to file a counterclaim are affirmed and the judgment for damages is reversed.

Affirmed in part; reversed in part.

STAMOS, P. J., and SCHWARTZ, J., concur.