MARY BAKER G. EDDY *ex rel.* BEN F. PFEIFER *et al.,* Plaintiffs-Appellants, *v.* THE CHRISTIAN SCIENCE BOARD OF DIRECTORS *et al.,* Defendants-Appellees.

First District (1st Division)    No. 78-109

Opinion filed July 24, 1978.

Ben F. Pfeifer, of Chicago, for appellant, *pro se.*

Donald L. Metzger, of Chicago (Burditt and Calkins, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Ben F. Pfeifer, a nonlawyer, appeals from two orders of the circuit court of Cook County. In the first order the trial court, relying on four separate grounds, dismissed plaintiff's *pro se* complaint. The second order was a permanent injunction which restrained plaintiff from initiating or proceeding with similar litigation in the Illinois courts or the Federal courts situated in this State.

Plaintiff's present litigation comes in the wake of this court's decision in *Pfeifer v. Christian Science Committee* (1975), 31 Ill. App. 3d 845, 334 N.E.2d 876, wherein we held that this court lacked jurisdiction over the subject matter of the complaint based on the free exercise of religion clause of the first amendment to the United States Constitution. As will

be shown, the instant case is an attempt to relitigate the same matters which we earlier found were beyond the scope of our jurisdiction.

Plaintiff's complaints, supporting affidavits and exhibits comprise more than 330 pages in the record and many pages are handwritten. Plaintiff concedes in his reply brief that "the only significant question was, did Ralph W. Cessna, C.S.B., teach primary class in accordance with the church manual bylaw requiring same to be taught from the chapter entitled 'Recapitulation' in the book 'Science and Health with Key to the Scriptures' by Mary Baker Eddy." This corresponds to the allegation of the complaint in the previous litigation that Ralph W. Cessna's religious teachings deviated from the tenets of the Christian Science faith as promulgated by Mary Baker Eddy. As we stated in the former case, resolution of the issue would entail a factual determination whether the teachings of Cessna were in conformity with those of Mary Baker Eddy, and such a determination is prohibited.

■▌ Plaintiff makes repeated references to the Eddy deed of trust and the church bylaws in an attempt to make the resolution of his complaint turn on a right of property. It is apparent that plaintiff believes that by grounding his complaint on a right of property he will be able to transform a religious dispute into a dispute over property rights. All this effort is based on plaintiff's misplaced reliance on language in our earlier opinion wherein we stated:

> "From all the authorities it is clear that religious disputes are an area the courts are reluctant to enter; and, if they must, they tread warily; but they will not venture into the quagmire of dogma. The plaintiff here makes no claim of a property right; hence, his position is even weaker than the local churches in *Presbyterian Church* [*Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 21 L. Ed. 2d 658, 89 S. Ct. 601], which was relied on by the trial court and is a clear answer to the plaintiff's argument. Just as in *Presbyterian Church*, this case depends on the resolution of the factual question of whether Cessna's teachings deviated from the principles of Mary Baker Eddy. For these reasons we judge that the trial court correctly dismissed the complaint on the ground it lacked jurisdiction." (31 Ill. App. 3d 845, 849-50.)

The mere assertion of a property right is not sufficient to invest a civil court with authority over what, in effect, is essentially a question of religious doctrine.

■▌ Furthermore, the recent Supreme Court case of *Serbian Eastern Orthodox Diocese v. Milivojevich* (1976), 426 U.S. 696, 49 L. Ed. 2d 151, 96 S. Ct. 2372, is not supportive of plaintiff's position and we fail to see the

significance of his attempt to distinguish that case from the instant case. It seems that plaintiff has impermissibly turned to the civil courts because of his dissatisfaction with the manner in which the Christian Science Church responded to his complaints about Mr. Cessna. We find that the trial court properly dismissed the complaint on the basis of lack of subject matter jurisdiction and we need not concern ourselves with the other grounds for dismissal.

Plaintiff also questions the authority of the circuit court to enjoin him from pursuing related litigation in the Illinois courts and the Federal courts. Defendants address their argument to the propriety of enjoining harassing and vexatious litigation, but do not consider the question of whether a State court may enjoin Federal proceedings. In the absence of compelling argument to the contrary, we believe the decision in *Donovan v. City of Dallas* (1964), 377 U.S. 408, 12 L. Ed. 2d 409, 84 S. Ct. 1579, which was subsequently reaffirmed in *General Atomic Co. v. Felter* (1977), 434 U.S. 12, 54 L. Ed. 2d 199, 98 S. Ct. 76, is dispositive and prohibits the circuit court from enjoining plaintiff from litigating in the Federal court. See Arnold, *State Power to Enjoin Federal Court Proceedings,* 51 Va. L. Rev. 59, 63 (1965); *People v. Spencer* (1974), 185 Colo. 377, 524 P. 2d 1084.

The injunction restraining plaintiff from instituting or proceeding with related actions in the State courts stands on a different footing. We believe it is clear that the court had the power to enter such an order under appropriate circumstances. *Crawley v. Bauchens* (1974), 57 Ill. 2d 360, 312 N.E.2d 236; *James v. Grand Trunk Western R. R. Co.* (1958), 14 Ill. 2d 356, 152 N.E.2d 858, *cert. denied* (1958), 358 U.S. 915, 3 L. Ed. 2d 239, 79 S. Ct. 288; *Wells v. Wells* (1976), 36 Ill. App. 3d 91, 343 N.E.2d 215.

■■ It is well settled that Illinois courts may restrain the maintenance of vexatious and harassing litigation. (*Bowman v. Lake County Public Building Com.* (1964), 31 Ill. 2d 575, 203 N.E.2d 129, *appeal dismissed and cert. denied* (1965), 382 U.S. 13, 15 L. Ed. 2d 9, 86 S. Ct. 44; *People ex rel. Lake County Bar Association v. Circuit Court of Lake County* (1964), 31 Ill. 2d 170, 201 N.E.2d 109; *Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 122 N.E. 55; *Trustees of Schools v. Schroeder* (1972), 8 Ill. App. 3d 122, 289 N.E.2d 247, *cert. denied* (1973), 414 U.S. 832, 38 L. Ed. 2d 67, 94 S. Ct. 166.) Although plaintiff may be sincere in his feeling that a wrong has been committed, it is apparent that unless enjoined he may continually attempt to evade the clear mandate of this court. Furthermore, because his actions are filed *pro se* and consist of lengthy documents whose language is often hard to follow, his litigation becomes even more burdensome to the court and opposing litigants. Therefore, we find that the court did not abuse its discretion by issuing an injunction.

The judgment of the circuit court of Cook County dismissing the

plaintiff's complaint is affirmed. The permanent injunction pertaining to the Illinois courts is affirmed, but the order as it pertains to actions in the Federal court is reversed.

Affirmed in part; reversed in part.

GOLDBERG, P. J., and BUCKLEY, J., concur.