OPINION OF THE COURT
John R. Tenney, J.
Plaintiff, appearing pro se, has commenced a series of actions against numerous defendants. Defendants have moved to dismiss the complaints for failure to state a cause of action, and this motion is granted, with costs.
Defendants also have moved to permanently enjoin prosecution of suits by plaintiff appearing pro se. It is contended that plaintiff has repeatedly engaged in a course of conduct of commencing repetitious, baseless and harassing lawsuits and, therefore, has forfeited her right to start pro se proceedings. Plaintiff did not appear because she contended that all Judges and attorneys have conspired against her, and she would not get a fair hearing.
The court is advised that plaintiff has commenced innumerable actions throughout the State. The actions have been routinely dismissed, and in each case meritless appeals have been processed unsuccessfully. Many of these cases have been brought against attorneys and numerous Judges.
“Although * * * ‘access to the Courts is one of the cherished freedoms of our system of government’ ” (Morgan Consultants v American Tel. & Tel. Co., 546 F Supp 844, 848), there comes a point when limits should be imposed. *147 While the judiciary should grant great latitude to a pro se litigant (People v Muka, 72 AD2d 649, 650), it cannot turn its back to the rights of others. “[W]hen it becomes clear that the courts are being used as a vehicle of harassment by a ‘knowledgeable and articulate experienced pro se litigant’ * * * the issuance of an injunction is warranted.” (Kane v City of New York, 468 F Supp 586, 590.) The interests to be fostered by prohibiting the type of pro se litigations are significant. Such suits subject innocent parties to the expense and effort of mounting a defense, are a drain on already sparse judicial resources and unnecessarily deplete public funds.
The problem is aggravated by the difficulty of imposing meaningful sanctions for abuse upon parties appearing pro se. Were plaintiff represented by an attorney, such attorney would be bound by the Code of Professional Responsibility. He would be required to represent his client zealously, but within the bounds of the law. (Code of Professional Responsibility, Canon 7.) He would not “[f]ile a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another”. (Code of Professional Responsibility, Canon 7, DR 7-102 [A] [1].) Violations of the code could readily be curbed by appropriate sanctions. In Federal cases he could be subject to an order requiring that he personally satisfy excess costs resulting from conduct undertaken in bad faith. (US Code, tit 28, § 1927\ Matter of Hartford Textile Corp., 613 F2d 388.) Like sanctions are not available against pro se parties.
Plaintiff has and continues to abuse the pro se privilege, and, therefore, is enjoined from bringing any further pro se proceedings without a further order of this court.