**BOARD OF COUNTY COMMISSION-
ERS OF MORGAN COUNTY,
Colorado, Petitioner,**

v.

**Rainsford J. WINSLOW, Respondent.**

**No. 83SC415.**

Supreme Court of Colorado,
En Banc.

Sept. 30, 1985.

Rehearing Denied Oct. 21, 1985.

William H. ReMine, III, Montgomery, Little, Young, Campbell & McGrew, P.C., Englewood, for petitioner.

Rainsford J. Winslow, Fort Morgan, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review the court of appeals' decision in *Board of County Commissioners v. Winslow*, 679 P.2d 1089 (Colo.App.1983), which held that the jurisdiction to hear a request for an injunction preventing Rainsford J. Winslow from filing actions or pleadings *pro se* in the District Court in and for the County of Morgan lies exclusively with the state supreme court. We reverse and remand the case to the court of appeals for consideration of the remaining issues on appeal.

Since 1979, Winslow, who is not an attorney, and his wife have been litigants in several lawsuits regarding zoning and sewer systems on a tract of land they own in Morgan County. On June 21, 1979, a class action suit was filed against Winslow and the Board of County Commissioners of Morgan County (the county) concerning "road issues" and an improvement agreement involving the Morgan Heights subdivision, which was developed by Winslow. He claims that his attorney's fees for this action were approximately $150,000 and that he began to appear *pro se* in this and subsequent actions to avoid financial ruin. The county prevailed on a crossclaim against Winslow for attorney's fees and costs.

The first action in which Winslow appeared as a *pro se* plaintiff arose when Stanley Rosener allegedly hooked up to Winslow's sewer system without permission and without paying any fee. Winslow asked Morgan County District Attorney Doyle Johns, Jr., to file criminal charges against Rosener. When Johns failed to file charges and refused to explain his decision, Winslow filed a "Communication Demand" with the Morgan County District Court, which granted Johns' motion to dismiss for failure to state a claim upon which relief could be granted.

Winslow then filed a *pro se* complaint on December 1, 1980, challenging the sufficiency of the county's notice regarding particular zoning resolutions and subdivision regulations. The district court granted the county's motion for summary judgment. The court of appeals affirmed, and certiorari was denied by this court and by the United States Supreme Court.

On August 4, 1981, the county brought an action seeking Winslow's compliance with a county zoning regulation that requires a Special Use Permit for any sewer system modification. Winslow responded by filing a *pro se* action to stop the county's "harassment." He claimed that only one other sewer system was required to obtain such a permit and that the numerous remaining systems were not required to obtain permits. These actions were consolidated, and the district court ordered Winslow to obtain the permit and to pay court costs.

On February 10, 1982, Winslow filed a *pro se* action (No. 82CV20) alleging that certain county zoning and subdivision regulations are void because of procedural defects. While this action was pending, the county filed a petition seeking to enjoin Winslow from prosecuting the action *pro se* and from further *pro se* appearances in the Thirteenth Judicial District. At the ensuing hearing, the Clerk of the Morgan County District Court identified Register of Action sheets for each of the actions involving Winslow and testified that Winslow's case files were more voluminous and contained longer pleadings than similar case files.

The district court found that Winslow:

has appeared pro se before this Court on many occasions ...; that his pleadings are usually extraordinarily voluminous and replete with irrelevant and immaterial matter; that the actions filed by [Winslow], except for the latest, have all been determined adversely to him; that this latest action appears to be an attempt to raise an issue which is res adjudicata by reason of the Court's judgment in one of [Winslow's] prior suits; that [Winslow's] actions and methods of procedure impose a heavy burden on the resources of this Court.... That the unwarranted burden

placed on the operation of this Court due to [Winslow's] actions and the resultant expense thereof are prejudicial to the interests of the taxpaying public; that where it is necessary to prohibit such an abuse of the judicial process within this Court, it is within the power and authority of this Court to prevent the further commission of the abuse and the concomitant injury to public rights and interests....

The court's amended injunction states:

that [Winslow] be and he is enjoined and restrained from filing any further actions or pleadings in the District Court in and for the County of Morgan, Colorado, wherein he appears pro se and seeks affirmative relief, as contrasted from purely defensive action, and that he be and is further enjoined from appearing pro se in Civil Action No. 82CV20 in said Court and that he arrange for the appearance of duly licensed legal counsel in said action.

After Winslow retained counsel, the court granted summary judgment against the county on the basis that the county improperly adopted the zoning regulations at issue.

Winslow appealed the district court's injunctive ruling on several grounds. The court of appeals did not address Winslow's substantive bases for appealing the district court's injunction. Instead, the court held that only the Supreme Court of Colorado may enjoin a litigant from further pro se appearances. The county petitioned for a writ of certiorari on the issue of whether the district court had jurisdiction to enter the injunction. Winslow petitioned for certiorari on the substantive issues he raised before the court of appeals.[1] We granted certiorari on the limited question of whether a district court may issue an injunction against a litigant proceeding pro se in that district court.

On a number of occasions this court has enjoined parties from appearing pro se in all courts of the state. *Board of County Comm'rs v. Howard*, 640 P.2d 1128 (Colo. 1982); *People v. Dunlap*, 623 P.2d 408 (Colo.1981); *Board of County Comm'rs v. Barday*, 197 Colo. 519, 594 P.2d 1057 (1979); *People v. Spencer*, 185 Colo. 377, 524 P.2d 1084 (1974); *Shotkin v. Kaplan*, 116 Colo. 295, 180 P.2d 1021 (1947). The common thread running through these opinions is that a litigant's right of access to the courts must be balanced against and, in a proper case, must yield to the interests of other litigants and of the public in general in protecting judicial resources from the deleterious impact of repetitious, baseless pro se litigation.

This court has exercised discretion in determining whether to issue an injunction prohibiting all pro se appearances as plaintiff or to limit the injunction to pro se appearances in cases on a given subject matter. *See, e.g., Barday*, 197 Colo. at 521, 594 P.2d at 1058 (injunction limited to lawsuits arising out of respondent's marital problems). Several concerns motivated the issuance of an injunction in each case: preventing abuse of the judicial process, refusing to allow the judicial process to be used to harass others, and conserving limited judicial resources. *See Dunlap*, 623 P.2d at 410; *Barday*, 197 Colo. at 522, 594 P.2d at 1059; *Spencer*, 185 Colo. at 381, 524 P.2d at 1086.

An injunction may be necessary to prevent further abuse of judicial resources by a pro se litigant because a party acting in his own behalf is not subject to the disciplinary procedures that prevent abuse of the system by attorneys. *Shotkin*, 116 Colo. at 298, 180 P.2d at 1022. Forbidding a party from filing cases pro se does not infringe upon his constitutional right of access to the courts because he may still obtain access to judicial relief by employing an attorney authorized to prac-

---

**1.** Those issues include whether the evidence supported the issuance of an injunction, whether the scope of the injunction was too broad, whether Winslow should have been advised by the district court of his right to a jury trial, and whether the district court erred in prohibiting Winslow from examining the county's attorney during the hearing on Winslow's motion for a new trial.

tice in the state of Colorado. *Barday,* 197 Colo. at 522, 594 P.2d at 1059.

 In *Barday,* 197 Colo. at 521, 594 P.2d at 1058–59, we identified the source of our power to issue state-wide injunctions prohibiting *pro se* appearances as article VI, section 2(1) of the Colorado Constitution, which vests this court with "general superintending control over all inferior courts." In *Shotkin,* where the order prohibiting *pro se* appearance was issued in the context of an appeal, we indicated in *dicta* that trial courts also might be concerned about the conservation of judicial resources and therefore might withhold access to a *pro se* plaintiff who has abused the judicial process. 116 Colo. at 298, 180 P.2d at 1022. We do not see any reason why a district court should not have jurisdiction to prevent an abuse of judicial process by a *pro se* litigant in the courts of any county in the district. The district court is in the best position to evaluate disruption of its judicial processes, and it has the inherent power to control the conduct of litigants appearing before it. As long as the power to enjoin *pro se* appearances does not extend beyond the boundaries of the judicial district, there is no danger that an injunction will control the course of proceedings in another judicial district or that a district court will usurp the supervisory duties of this court. We now make explicit the suggestion in *Shotkin:* a district court, as a court of equity and general jurisdiction, may enjoin a litigant from filing suits *pro se* within any county in the district upon a finding of a serious abuse of judicial process. Our holding is consistent with the law in other jurisdictions in which a trial court may enjoin a party from filing new pleadings or lawsuits *pro se. See, e.g., Pittam v. Maynard,* 103 Idaho 177, 646 P.2d 419 (1982); *Eddy ex rel. Pfeifer v. Christian Science Board of Directors,* 62 Ill.App.3d 918, 19 Ill.Dec. 781, 379 N.E.2d 653 (1978); *Roy v. Manchester Gas Co.,* 113 N.H. 140, 302 A.2d 825, *cert. denied,* 412 U.S. 942, 93 S.Ct. 2787, 37 L.Ed.2d 403 (1973); *Muka v. Hancock, Estabrook, Ryan, Shove & Hust,* 120 Misc.2d 146, 465 N.Y.S.2d 416 (Sup.Ct.

1983); *Whatcom County v. Kane,* 31 Wash.App. 250, 640 P.2d 1075 (1981).

 In determining whether to issue an injunction, the court should consider the seriousness of the abuses in light of our previous cases enjoining *pro se* appearances. *Cf. Whatcom County,* 640 P.2d at 1077. We reverse the court of appeals and remand for consideration of the issues raised by Winslow on appeal, including the question of whether the district court abused its discretion in entering the injunction against him.

Judgment reversed and case remanded.