Burnice Joe BIRDO, Appellant,

v.

Dr. J.M. HOLBROOK, Sharon E. Nelon, and Tarrant County, Texas, Appellees.

No. 2–88–189–CV.

Court of Appeals of Texas, Fort Worth.

July 6, 1989.

Rehearing Denied Aug. 10, 1989.

Burnice Joe Birdo, Lovelady, pro se.

Daniel A. Foster, Henri J. Dussault, Mc-Lean Sanders Price Head & Ellis, Fort Worth, Tim Curry, Crim. Dist. Atty., Van Thompson, Jr., Asst. Dist. Atty., for appellees.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from a final judgment ordering appellant, Burnice Joe Birdo, take nothing from appellees, Dr. J.M. Holbrook, Sharon E. Nelon, and Tarrant County, Texas. Birdo has perfected this appeal from the judgment.

We affirm.

■ Birdo submitted a hand-printed brief to this court. Briefs "may be typewritten or printed." TEX.R.APP.P. 74(j). The ordinary meaning of the word "print" may include either handprinting or the product of a printing press. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 935 (1983); *see also Hatch v. Turner*, 145 Tex. 17, 20–21, 193 S.W.2d 668, 669 (1946) (rubber stamp is "printed"). We assume, but do not decide, Birdo may submit a handprinted brief to this court.

Birdo's twenty-seven-page brief is in a different and more legible handprinting than his seven-page reply brief or the approximately 300 pages of handprinted documents filed in the trial court in the case at bar. Nonetheless, reading this quantity of handprinted material is a cumbersome, time-consuming process. This is not the first time Birdo has been before this court. This court may take judicial notice of its own records. *Victory v. State*, 138 Tex. 285, 288, 158 S.W.2d 760, 763 (1942). In one prior appeal and six mandamus actions, Birdo has deluged this court with handprinted material. He has prevailed in none of these actions. Birdo's briefs before this court are not only difficult to decipher, but are uniformly frivolous. Experience has given Birdo a certain familiarity with the law, but his arguments are repetitive, hyperbolic, and generally pointless. In fact, Birdo's history of pointless litigation did not begin in Texas. *Birdo v. Rodriquez*, 84 N.M. 207, 501 P.2d 195, 197 (1972).

■ The State has not complained of Birdo's handprinted briefs, but we find them unacceptable. *Cf. In re Martin–Trigona*, 737 F.2d 1254, 1264 (2nd Cir.1984). This court does not have unlimited time. Time spent trying to make sense out of Birdo's lengthy handprinted documents detracts from this court's ability to consider his and other appeals. We have not found a Texas case which considers the issue of controlling abusive *pro se* litigants, but other jurisdictions have consistently held courts have the inherent power to protect the administration of justice from *pro se* plaintiffs who divert limited judicial resources to the handling of frivolous or harassing suits. *In re McDonald*, — U.S. —, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989); *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986); *In re Green*, 669 F.2d 779, 781 (D.C.Cir.1981); *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir.1981); *Green v. Carlson*, 649 F.2d 285, 286 (5th Cir.1981); *Carter v. Telectron, Inc.*, 452 F.Supp. 944, 948 (S.D.Tex.1977); *Bd. of County Comm'rs v. Winslow*, 706 P.2d 792, 795 (Colo.1985), *cert. denied*, 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986); *People v. Dunlap*, 623 P.2d 408, 410 (Colo.1981) (en banc); *People v. Spencer*, 185 Colo. 377, 524 P.2d 1084, 1086 (1974) (en banc); *Kreager v. Glickman*, 519 So.2d 666, 668 (Fla.Dist.Ct.App. 1988); *Eismann v. Miller*, 101 Idaho 692, 619 P.2d 1145, 1149–50 (1980); *Eddy ex rel. Pfeifer v. Christian Science Bd. of Directors*, 62 Ill.App.3d 918, 19 Ill.Dec. 781, 379 N.E.2d 653, 655 (1978); *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 698 P.2d 462, 467 (1985); *Muka v. Hancock, Estabrook, Ryan, Shove & Hust*, 120 Misc.2d

146, 465 N.Y.S.2d 416, 417 (N.Y.Sup.Ct. 1983); *Whatcom County v. Kane,* 31 Wash.App. 250, 640 P.2d 1075, 1077 (1981); *see generally* Comment, *Abusive Pro Se Plaintiffs in the Federal Courts: Proposals For Judicial Control,* 18 U.MICH.J.L. REF. 93 (1984); *cf. University of Texas v. Morris,* 162 Tex. 60, 62, 344 S.W.2d 426, 428 (courts have equitable power to prevent vexatious litigation), *cert. denied,* 366 U.S. 973, 81 S.Ct. 1940, 6 L.Ed.2d 1262 (1961).

█ Other courts have employed a variety of restrictions to control *pro se* plaintiffs. *Procup,* 792 F.2d at 1072–73 (listing restrictions employed by federal courts). At this time, Birdo may continue to represent himself, but we direct the Clerk of this court not to accept any further handprinted documents from Birdo other than motions relating to this case. We will accept the handprinted briefs already filed in this case. This opinion should not be interpreted to limit the power of the district court to prevent vexatious or frivolous litigation in other cases filed by Birdo.

█ In his first ten points of error, Birdo contends the trial court abused its discretion when it permitted Nelon additional time to respond to requests for admissions and allowed Holbrook to amend his response to a request for admission. Birdo inundated the defendants and the trial court with a flood of repetitious, confusing, handprinted documents. The Tarrant County District Attorney represented Nelon in the instant case, but was also defense counsel in another action in which Birdo was plaintiff. The District Attorney misfiled Birdo's fifth request for admissions to Nelon with the other case and failed to timely answer the request. TEX.R.CIV.P. 169(1). Birdo's requests for admissions improperly asked for admissions on questions of law. *Gaynier v. Ginsberg,* 715 S.W.2d 749, 759 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). To the degree Birdo's fifth request for admissions to Nelon are relevant to his claim, his fifth request is the same or similar to his first four requests. The trial court withdrew the deemed admissions and granted Nelon additional time to answer the fifth request for admissions.

In his fourth request for admissions directed to Dr. Holbrook, Birdo requested he "[a]dmit or deny that each allegation made in plaintiff's First Amended Original Complaint are [sic] true as to you." Due to a clerical error, Holbrook's counsel answered "admit" instead of "deny." In addition to his general denial, Dr. Holbrook had already denied the same or similar requests in his answers to the first three requests for admissions. The trial court granted Dr. Holbrook's motion to correct the response.

TEX.R.CIV.P. 169(1) is a tool for the fair and expeditious disposition of litigation. The rule is not intended to be a trap for the unwary. *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Bynum v. Shatto,* 514 S.W.2d 808, 811 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Birdo cites the following language from *Burke v. Hance,* 76 Tex. 76, 79, 13 S.W. 163, 164 (1890):

> [A] negligent garnishee is no more entitled to protection that [sic] any other negligent party, and he is as much bound to look after the proceedings against him, and protect himself from an improper judgment, as a defendant in an ordinary suit is. If, by his failure in this respect, the plaintiff gain [sic] an advantage over him, he is without relief.

*Id. Burke* does not discuss rule 169(1), but Birdo would have us interpret this language to mean the trial court abused its discretion. Nelon and Dr. Holbrook were, to some degree, negligent in misfiling or giving the wrong answer to requests for admissions, and Birdo seeks to maintain the advantage he obtained through these admissions. Nelon and Dr. Holbrook are not without relief.

The trial court could consider the redundant, harassing nature of Birdo's discovery tactics. Birdo could not hope to gain new information from his repeated requests on the same issues, and his continued discovery served no purpose beyond setting traps for the defendants. The trial court

did not abuse its discretion. Birdo's first ten points of error are overruled.

█ In his eleventh and final point of error, Birdo contends the trial court abused its discretion in denying his petition for a writ of *habeas corpus ad testificandum.* The trial court ruled that Birdo would be allowed to proceed by affidavit in lieu of personal appearance. The right to access to the courts does not give Birdo an absolute right to leave prison to appear in court. *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). A writ of *habeas corpus ad testificandum* is used to bring a prisoner into court to testify. BLACK'S LAW DICTIONARY 639 (5th ed.1979). On appeal, Birdo does not contend his affidavit was insufficient to put his testimony before the court. Instead, Birdo contends the trial court should have allowed him to appear at trial so he could cross-examine the defendants' witnesses. In effect, Birdo claims he has the right to leave prison because he is representing himself in a civil case. The U.S. Supreme Court explained the standard applied to federal courts:

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by section 272 of the Judicial Code, 28 U.S.C. sec. 394, [now 28 U.S.C. sec. 1654] to parties in all the courts of the United States to "plead and manage their own causes personally."

*Price v. Johnston,* 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356 (1948); *see also Holt v. Pitts,* 619 F.2d 558, 560 (6th Cir.1980); *Hubbard v. Montgomery,* 372 So.2d 315, 316 (Ala.1979). Under Texas law, whether to bring a prisoner into court to testify is in the discretion of the trial court. *Brewer,* 737 S.W.2d at 423. Likewise, in our opinion whether a *pro se* prisoner plaintiff or defendant will be allowed to attend the civil court proceedings or not is in the sound discretion of the trial court. The trial court did not abuse its

discretion. Birdo's eleventh point of error is overruled.

The judgment of the trial court is affirmed.

Birdo contends our order directing the Clerk not to accept any more of his hand-printed briefs violates TEX. CONST. art. I, sec. 13. We write to clarify this point. TEX.R.APP.P. 100(c).

> The provision of Section 13 that "[a]ll courts shall be open, and every person for an injury done him, in his lands, good, person or reputation, shall have remedy by due course of law" is based largely upon Magna Carta which states in Chapter 40: "To none will we sell, to none deny or *delay,* right or justice."

TEX. CONST. art. I, sec. 13, interp. commentary (Vernon 1984) (emphasis added). Deciphering Birdo's lengthy handprinted documents inevitably delays the other business of this court. We do not violate the "open courts" provision by creating and enforcing requirements which promote the expeditious administration of justice. *Platel v. MaGuire, Voorhis & Wells, P.A.,* 436 So.2d 303, 304 (Fla.Dist.Ct.App.1983) (restriction on pro se plaintiff does not violate open courts provision of Florida constitution). Birdo still has access to this court; he must simply present his appeals in a more orderly manner.

Finally, Birdo contends we should reverse the judgment of the trial court and render judgment in his favor so he will have sufficient funds to hire attorneys to handle his other pending cases. We are not at liberty to adopt this method of financing Birdo's litigation.

Appellant's motion for rehearing and en banc reconsideration is denied.