Opinion Issued July 21, 2005








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00482-CV




TRAVIS ARTHUR BROWN, Appellant

V.

ERICA LYNN FOSTER, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2003-07248



 
MEMORANDUM OPINION
          Appellant, Travis Arthur Brown, an inmate appearing pro se, appeals from the
trial court’s final order in a suit affecting the parent-child relationship. We determine
whether the trial court abused its discretion in failing to make an express ruling on
appellant’s motion to participate by telephone and in denying appellant’s request to
participate at trial by telephone. We affirm.
Factual and Procedural Background
            Appellant filed an original suit affecting the parent-child relationship between
himself and one minor child, Ethan Tyler Brown. In his petition, appellant alleged
that he was the natural father of the child and requested that he be named possessory
conservator and that the child’s mother be named managing conservator. Appellant
also requested visitation rights with the child. Appellant filed a notice of desire to
testify and motion for hearing by telephone conference call. The record does not
reflect an explicit ruling on appellant’s request, but the trial court proceeded to trial
without appellant’s participation by telephone. However, the court did allow
appellant to file an affidavit. 
          The case was called to trial on November 17, 2003. Appellant participated by
his affidavit and pleadings on file, but did not participate by telephone. Appellee
testified that appellant was the natural father of her child. However, appellee testified
that she had moved with her children and fiancé to Virginia and that she believed
visitation with appellant at prison would not be in the best interest of her child. On
that day, the trial court entered an order adjudicating appellant as the biological father
of Ethan Tyler Brown, but denied appellant’s request to be named possessory
conservator or to have access to the child.Access to Court
          Appellant contends that the trial court erred by failing to address his request
to participate at trial by telephone and by failing to balance the interests of the State
with his right of access to the courts. 
          In this case, the trial court proceeded to trial without ruling expressly on
appellant’s request to participate by telephone. Consistent with rule 33.1(a)(2)’s
language, the Supreme Court has recognized that an implicit ruling may be sufficient
to present an issue for appellate review. In the Interest of Z.L.T., 124 S.W.3d 163,
165 (Tex. 2003); see Lenz v. Lenz, 79 S.W.3d 10, 13 (Tex. 2002). By proceeding to
trial without making an express ruling on appellant’s request to participate by
telephone, it is clear that the trial court implicitly denied appellant’s request. The trial
court did not err in failing to rule expressly on appellant’s motions, and we review the
court’s ruling for abuse of discretion. In the Interest of Z.L.T., 124 S.W.3d at 165; In
re J.D.C., No. 12-03-00262-CV, 2005 WL 110342 at *1 (Tex. App.—Tyler Jan. 19,
2005, no pet.). 
          It is well-established that litigants cannot be denied access to the courts simply
because they are inmates. See Hudson v. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3194,
3198 (1984). However, an inmate does not have an absolute right to appear in person
in every court proceeding. In re Z.L.T., 124 S.W.3d at 165. Instead, the inmate’s
right of access to the courts must be weighed against the protection of our
correctional system’s integrity. Id. If a trial court refuses to grant an inmate’s request
for a bench warrant, the trial court should allow the inmate to proceed by affidavit,
deposition, telephone, or other effective means. In re Taylor, 28 S.W.3d 240, 249
(Tex. App.—Waco 2000, no pet.) (quoting Byrd v. Attorney Gen., 877 S.W.2d 566,
569 (Tex. App.—Beaumont 1994, no writ), overruled on other grounds, 124 S.W.3d
163 (Tex. 2003)). 
          In essence, appellant contends that the trial court failed to balance his interests
and those of the State by refusing to allow him to participate at trial by telephone
conference call. Appellant contends that his inability to participate deprived him of
the opportunity to present evidence or to contradict evidence presented by appellee.
          The record reflects that appellant filed a notice of desire to testify and motion
for hearing by conference call as well as a motion for appointment of an attorney ad
litem. Appellant also filed a response to appellee’s amended answer and
counterclaim, in which he renewed his motion to participate at trial by telephone. 
The only indication that the trial court had considered appellant’s request to
participate by telephone is the trial court’s statement that appellant wished to
participate by conference call, and a question to appellee, “Is there any reason not to
do that?” Appellee responded that she did not object to appellant’s participation by
telephone. The record does not reflect why the trial court did not allow participation
by teleconference. 
          Here, the trial court implicitly denied appellant’s requests to participate by
teleconference at trial, but accommodated appellant’s desire to participate in the
proceeding by allowing the submission of his personal affidavit. In appellant’s
affidavit, he averred that he had cared for his child in the past, that he questioned the
suitability of one of his child’s caregivers, and that he believed that contact with his
son was vital, among other things. Appellant’s affidavit allowed him to present
evidence and to contradict evidence presented by appellee. Thus, appellant was
properly afforded an effective means of participation, other than teleconference, by
the trial court. See In re D.D.J., 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004,
no pet.) (holding that if court finds that inmate in civil action is not entitled to leave
to appear personally, then prisoner should be allowed to proceed by affidavit,
deposition, telephone, or other effective means); Birdo v. Holbrook, 775 S.W.2d 411,
414 (Tex. App.—Fort Worth 1989, writ denied). We conclude that the trial court did
not abuse its discretion in denying appellant the opportunity to participate at trial by
telephone when the court allowed appellant to participate by affidavit, an effective
alternative means to a personal appearance. 
          We overrule appellant’s sole issue. 


Conclusion

          We affirm the judgment of the trial court. 





                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Alcala, and Higley.