FILED
United States Court of Appeals
Tenth Circuit

September 29, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

IKE L. KING,

     Plaintiff - Appellant,

v.

MONICA MARQUEZ; BRIAN
BOATRIGHT; WILLIAM W. HOOD, III;
RICHARD L. GABRIEL; MELISSA
HART; CARLOS A. SAMOUR; MARIA
E. BERKENKOTTER; CHERYL
STEVENS; NORMA ANGELICA
SIERRA; DAHLIA D. OLSHER
TANNEN; KELLY O. CLARK,

     Defendants - Appellees.

No. 25-1259
(D.C. No. 1:25-CV-00678-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Plaintiff Ike King, appearing pro se, commenced a civil action in Weld County

Colorado State District Court against Empire Truck Center and Jason Wilkins alleging a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

violation of the Colorado Motor Vehicle Repair Act.  As well explained in the state district court's order attached hereto as an appendix, Plaintiff's legal filings got out of hand so the state court, consistent with Colorado Supreme Court precedent, enjoined Plaintiff from appearing pro se and required him to retain an attorney if he wished to proceed.  *See Francis v. Wegener*, 494 P.3d 598 (Colo. 2021); *Bd. Of Cnty. Comm'rs v. Winslow*, 706 P.2d 792 (Colo. 1985).  Instead of directly appealing the state district court's decision as he could have, *see Sanger v. Dennis*, 148 P.3d 404, 409 (Colo. App. 2006) (grant of injunctive relief is considered a final, appealable order), Plaintiff, again appearing pro se, filed this action in federal district court against Colorado Supreme Court Justices Monic Marquez, Brian Boatright, William Hood, III, Richard Gabriel, Melissa Hart, Carlos Samour, Jr., and Maria Berkenkotter; Colorado Supreme Court Clerk Cherly Stevens; State District Judge Norma Sierra; and Colorado Attorneys Dahlia and Kelly O. Clark.

In response to two federal district court orders requiring Plaintiff to cure deficiencies in his original complaint, Plaintiff submitted a twenty-five page, single-spaced amended complaint which is the operative pleading in this action.  Plaintiff claims a "criminal cover up of organized crime of which each and every Defendant herein is engaged in as active participants."  Among a slew of other federal laws, Plaintiff says Defendants have violated the Hobbs Act, 18 U.S.C. § 1951, and the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962.  As best we can discern from the pleading's rambling nature, what Plaintiff really complains about is the state district court's order enjoining him from proceeding pro se, which he says constitutes extortion and interferes with his freedom of contract.  Plaintiff sought compensatory and punitive damages and asked the federal

2

district court to vacate the "injunction of September 21, 2023" and prevent any "further injunctions against pro se litigants forcing them to hire lawyers."  Accepting a federal magistrate judge's (Gurley, J.) recommendation, the district court (Babcock, J.) dismissed the amended complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 (requiring a complaint to contain a "short and plain statement of the claim"), or alternatively, as barred by both the *Rooker-Feldman* doctrine and immunity doctrines.

Now before us is Plaintiff's appeal pursuant to 28 U.S.C. § 1291 from the federal district court's dismissal of his amended complaint.  His motion to proceed *in forma pauperis* (IFP) on appeal pursuant to 28 U.S.C. § 1915 is pending.  In his appellate brief, Plaintiff tells us, among many other things, that "[t]his case is about organized crime." Plaintiff now says "Lewis T. Babcock, Senior Judge for the United States District Court for the District of Colorado and Richard T. Gurley, Magistrate Judge for the same United States District Court" have joined "Colorado Public Officials" in a racketeering enterprise to deprive him of his Constitutional rights.  Because the *Rooker-Feldman* doctrine bars a federal action brought by a state-court loser complaining of injuries allegedly caused by a state court's final decision rendered before commencement of the federal proceeding, *see Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005), this appeal is plainly frivolous, and as such, we are empowered to summarily dismiss it.  Subsection (e)(2)(B)(i) of the *IFP* statute provides that "the court shall dismiss the case at any time if the court determines . . . the action is frivolous."

3

Accordingly, we DENY Plaintiff's motion to proceed *IFP* and AFFIRM the district court's dismissal of his amended complaint.  We modify the district court's judgment however and direct that Plaintiff's action be DISMISSED WITH PREJUDICE.

Entered for the Court


Bobby R. Baldock
Circuit Judge

| Weld County District Court | |
|---|---|
| 901 9TH Avenue | |
| Greeley, CO 80631 | DATE FILED: September 21, 2023 |
| IKE KING, *Plaintiff* | **COURT USE ONLY** |
| v. | Case Number: |
| EMPIRE TRUCK CENTER and JASON WILKINS, *Defendants* | **2022 CV 82** |
| **ORDER GRANTING DEFENDANT'S RENEWED MOTION TO ENJOIN PLAINTIFF FROM APPEARING PRO SE** | |

Increasingly, the legal system includes participation by individuals who are self-represented. Direct participation by litigants who are not represented by counsel is constitutionally guaranteed. Colo. Const. art. 2 § 6. However, this right is not without limit. There are limits on the resources available to the judicial branch, and the Court must balance the rights of self-represented litigants against the need to provide services to all other cases.

Here, Plaintiff Ike King represents himself in an action against Defendants for damages alleged to have resulted from the repair of his vehicle. The claim was filed on December 1, 2022. A bench trial is scheduled to proceed on February 22-23, 2024.[1]

Defendants' Motion Enjoining Plaintiff from Appearing Pro Se, filed on June 8, 2023, was denied on June 13, 2023. Defendants now renew this Motion.

## APPLICABLE LAW

A court has the power to enjoin a person from proceeding pro se in any litigation when it is necessary to stop abuse of the judicial process. *Francis v. Wegener*, 494 P.3d 598 (2021).

"An individual's right of access to state courts must be balanced against, and, in a proper case, yield to, the interests of other litigants and of the public in general in protecting judicial resources from the deleterious impact of repetitious, baseless *pro se* litigation." *Id* at 599. "When a *pro se* litigant's efforts to obtain relief not only hamper his own cause, but deprive other persons of precious judicial resources, the Supreme Court is compelled to deny his right of self-representation as a plaintiff." *Id*, at 609.

---

[1] In an earlier order, the Court mistakenly referred to this setting as a jury trial. It is set as a trial to the court.

1

The Colorado Supreme Court has upheld the right of trial courts to impose and enforce injunctions prohibiting *pro se* litigants from appearing *pro se*. *Bd. of Cnty. Comm'rs v. Winslow*, 706 P.2d 792, 794 (Colo. 1985). Excluding *pro se* filings for a litigant does not infringe upon his constitutional right of access to the courts if an opportunity is permitted for filing through the employment of an attorney authorized to practice in the State of Colorado. *Winslow*, 706 P.2d at 794-95.

## FINDINGS

Here, Plaintiff Ike King commenced a civil case alleging a violation of the Colorado Motor Vehicle Repair Act. Since filing, Mr. King has attempted to expand the case to involve multiple criminal theories. The Court takes judicial notice of its own files, and the actions cited below are noted.

- Mr. King has filed pleadings not authorized by the Colorado Rules of Civil Procedure. ("Response to Order," "Response to Reply"). Mr. King misunderstands the effect of an affidavit, misuses legal terms and theories unrelated to the claim involved in the case (the Hobbs Act, references to his claims being "clear and convincing," COCCA, references to common law, felony grand theft, murders across state lines, estoppel, extortion, and *prima facie* evidence) The Court will not pre-judge Mr. King's underlying claim, but these theories are not relevant to this proceeding.

- Mr. King has filed successive pleadings which are redundant and rest on the same factual underpinnings as his prior unsuccessful motions. (December 19, 2022 Affidavit of Ike I. King in Support of Reply to Order Stipulating Plan Regarding Settlement, January 12, 2023 Affidavit of Ike I. King in Support of Objection to Stipulated Plan Regarding Settlement, and January 17, 2023 Affidavit of Ike I. King in Support of Legal Notice Regarding Stipulated Plan Regarding Settlement)

- Upon receiving unfavorable rulings on pre-trial motions, Mr. King moved to recuse the judge to whom the case was assigned, District Court Shannon Lyons, on the basis of bias. Mr. King then initiated an independent case against Judge Lyons, 2023 CV 27 [2], seeking that Judge Lyons cease performance of public duties pending an investigation.

- Mr. King has difficulty accepting the finality of Court orders. He requested a criminal investigation and demanded prosecution of defendants. When this request was not granted, Mr. King demanded that the civil court require the appearance of the elected district attorney to explain why a prosecution was not being pursued. Then, Mr. King named District Attorney Michael Rourke as a defendant in 2023 CV 27 [3], seeking that Mr. Rourke be precluded from

---

[2] Judge Lyons was represented by the Attorney General's Office in 23 CV 27; a Motion to Dismiss on grounds of sovereign immunity was a granted.

[3] The claims against Mr. Rourke were also dismissed

2

performing any executive function until an investigation was completed. In addition to a criminal investigation by the District Attorney, he requested an investigation by the Federal Bureau of Investigation.

- Other pleadings have not favored his positions, and Mr. King has concluded without any evidentiary basis that judicial officers have engaged in a criminal conspiracy with Defendants "to obstruct justice and conceal racketeering activity in violation of many state and federal felony laws ..." Mr. King repeatedly refers to being a victim of racketeering, specifically the (Racketeer Influenced and Corrupt Organizations Act ("RICO").

- In Mr. King's Response to Defendant's Renewed Motion to Enjoin Plaintiff from Appearing Pro Se, Mr. King directly addresses and repeatedly refers disdainfully to Defendant's counsel by her first name. Not only does this approach violate rules of civility, but it reaches the point of constituting an abuse of the judicial system. Mr. King's comments are personal. The manner and tone in which Mr. King expresses his position is regarded as harassing to defense counsel[4] and to the Court. Given the many filings in this case, Mr. King cannot claim he is unaware of the expectation that all individuals be referred to formally. Mr. King has filed complaints with the Office of Attorney Regulation Counsel against defense counsel. Mr. King further indicates an intent to file a complaint "'in concert liability claims' against the attorneys' (sic) and the McDonough Law Group for aiding and abetting their clients in all (all) the criminal offenses, ...'"

- The two most recent cases (2023 CV 27 and 2023 CV 34[5]) commenced with a Motion to Proceed in Forma Pauperis, which was granted in both instances. In the instant case, Defendants represent to the Court that tens of thousands of dollars have been spent in responding to Mr. King's pleadings.

## PLAINTIFF'S HISTORY OF OTHER FILINGS

Defendants bring to the Court's attention information about Mr. King having a litigious history and there being actions in which he took displeasure with the presiding judicial officer.

In the earlier Motion to Enjoin Plaintiff from Appearing Pro Se, Defendants represented that Mr. King has been the Plaintiff in thirteen lawsuits in Weld County, including several against judicial officers. In 2011, Mr. King alleged "malicious abuse" by Judge Dana Nichols (2011 S 341). Cases initiated by Mr. King are also noted to have involved other judicial officers, including Judge Gilbert Gutierrez, Judge Charles Unfug, and Judge Carol Haller.

---

[4] Mr. King's Response includes statements such as "It's clear you are not that smart Dahlia," and "Dahlia Tannen is not smart enough to play any games with this Plaintiff."
[5] Case 2023 CV 34 was consolidated into case 2022 CV 82 by order entered by Judge Todd Taylor on August 8, 2023. Mr. King refers to Judge Taylor as a "co-conspirator."

The Court rules on the pending motion solely on the basis of how Mr. King has proceeded in cases 2022CV82, 23CV27 and 23CV34, without taking into consideration the history cited in the earlier Motion to Enjoin.

## ORDER

This file contains Mr. King's lengthy, duplicative, and disorganized pleadings. These often delve into irrelevant legal concepts. Resolving such pleadings unjustifiably commits judicial resources. As Mr. King qualifies to file legal actions without payment of a filing fee,[6] there is no financial commitment on his part to initiating new claims; Defendants, on the other hand, must expend significant amounts in legal fees to respond to Plaintiff's repetitive filings

Mr. King cites his self-represented status as both a sword and a shield (e.g. his pleadings should be liberally construed, he should not have to engage in ADR). Mr. King is indeed granted certain leeway as to the contents and structure of his lengthy pleadings, but this does not create leave for him to file pleadings containing statements which are offensive to any participants in this litigation. He remains bound to the same rules of civil procedure as attorneys licensed to practice law in the state.

This Court has grave concerns that, as the case progresses to trial, Mr. King will continue and may increase the frequency and intensity of his pleadings. While he chooses to regard certain court notices as threats, he includes statements such as "Plaintiff does not care how long this goes on, it is not going away."

As this Court finds that Mr. King has seriously abused the judicial process, he is enjoined from appearing *pro se* as described below:

1. This order applies to the filing of any motions in case 2022 CV 82 and to any initial claim in which Ike King seeks affirmative relief, with the exception of a Title 13 protection order.

2. No filings shall be permitted into cases which are either closed or have been consolidated into other cases.

3. Prior to any *pro se* pleading being docketed or uploaded to the electronic file, it shall be reviewed by the Clerk of the Court. Pleadings must bears certification by an attorney licensed in Colorado attesting that the pleading has been reviewed. Reviewing counsel is charged with ensuring that:
   a) The pleading does not include language amounting to a personal attack against counsel or judicial officers,
   b) is grounded in fact and law, and

---

[6] Motion for Filing Without Payment of Fees granted in case 2023CV27 on May 11, 2023 and in 2023CV34 on June 1, 2023.

4

  c) the claim has not, to the best of counsel's knowledge, been previously raised and disposed by any state court.

4. Any pleading not bearing certification by a licensed attorney shall be returned undocketed to Mr. King by U.S. mail to his last known address.

This order does not enter lightly, but is necessary to protect judicial resources from the detrimental impact of repetitious litigation and to prevent the judicial process from being used for the purpose of harassment.

Dated: September 21, 2023      SO ORDERED.

Norma A. Sierra, Senior Judge

5