Charles D. CRONEN, Appellant,

v.

COUNTY STORAGE LOT, Frank Kitay, City of Houston and Houston Police Department, M.L. Pierce, and Dan Boone Chevrolet, Appellees.

No. 01–88–01079–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 4, 1992.

Charles D. Cronen, Houston, for appellant.

Edward L. Lasof, Robert H. Zoda, Houston, for appellees.

Before DUGGAN, COHEN and PRICE,* JJ.

## OPINION

PRICE, Justice (Assigned).

Charles Cronen sued the City of Houston, the Houston Police Department, M.L. Pierce, County Storage Lot, Frank Kitay, and Dan Boone Chevrolet for damages he allegedly suffered when his car was towed and stored after his 1982 arrest for trespassing.[1] Suit was filed in May 1984.

In his original petition, Cronen admitted that he had notice of the various ordinances setting out the City's procedure for towing and storing his automobile. Nevertheless, Cronen sought redress in the courts, challenging the ordinances under which the City operates in such situations. Under Cronen's theory, the city ordinances violate the English common law and constitute both a public and private nuisance. Cronen contends that the City knew or should have known that the ordinances were a nuisance and should not have operated under them.

The City filed a motion for summary judgment on grounds of governmental immunity under the Texas Tort Claims Act, TEX.REV.CIV.STAT.ANN. art. 6252–19, now chapter 101 of the Texas Civil Practice and Remedies Code. On June 5, 1985, the trial court granted summary judgment in favor of the City of Houston and the Houston Police Department and granted the City's motion to sever that judgment.

■ Cronen filed a notice of appeal and an affidavit of inability to pay the costs of appeal on July 3, 1985, apparently attempting to appeal the summary judgment at that time.[2] However, he filed his notice under the main case number, which was still an active case, rather than under the severed case number. There is no indication in the record from the main case currently pending before us or in any other records of this Court that Cronen ever attempted to correct his improper filing or that he otherwise pursued a timely appeal of the severed summary judgment. No transcript pertaining to the summary judgment was ever filed. Neither did Cronen file a motion for extension of time to file the transcript.[3] Hence, we conclude that

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The trespassing charges were later dismissed, but Cronen's vehicle was not immediately returned to him. Although Cronen contends that his arrest was illegal, that contention is not the subject of this appeal.

2. In response to our inquiry, the District Clerk's office informs us that, according to their records, the summary judgment was not appealed.

3. In so far as *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985), might apply to this situation, we recognize that the supreme court has recently indicated an unwillingness to adhere to the technically oriented result in that case. In *City of*

*San Antonio v. Rodriguez*, 828 S.W.2d 417, 417–18 (Tex.1992), and *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992), the court reaffirmed the policy that "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121 (Tex.1991) (per curiam). Accordingly, we emphasize that our decision regarding the finality of the summary judgment is based on Cronen's failure to take any action whatsoever to prosecute the appeal other than filing the affidavit of inability in 1985. Cronen's lack of diligence in this regard clearly distinguishes this case from *Rodriguez* and *Mueller*. Therefore, even under the holdings in *Mueller* and *Rodriguez*, we would necessarily find that through his failure to prosecute the appeal, Cronen allowed the 1985 summary judgment to become final.

the summary judgment became final 30 days after the severance was granted. *See Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51 (Tex.1990); *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

On July 28, 1988, because of Cronen's failure to file a pretrial order, the trial court dismissed the case remaining against the other defendants for want of prosecution. Although it is not included in the record on appeal, we deduce from the contest filed by the county attorney, which is in the record, that Cronen filed a second affidavit of inability on September 27, 1988. On October 10, 1988, the trial court overruled the contest and granted Cronen a free appeal. This proceeding resulted.

On appeal, Cronen challenges the summary judgment, the dismissal, and the trial court's alleged denial of his motion for continuance. After carefully considering the posture of the case, the appellate record, and the appellant's brief, we have concluded that the appeal is frivolous. Our determination is based on several factors.

Points 1–54 of Cronen's appeal, which challenge the summary judgment more than three years after it was made appealable by severance, are clearly too late. Further, the points are inadequately briefed[4] and argued.[5]

Even if the appeal of the summary judgment had been timely filed and adequately briefed, Cronen knew or should have known that his legal theories regarding governmental immunity, having been repeatedly rejected by the courts and conclusively established against him, were meritless. *See Cronen v. Nix,* 611 S.W.2d 651, 653 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1980).

In addition, Cronen does not brief or argue any of the points of error over which we have jurisdiction. Points 57–70, which are not briefed, concern the dismissal for want of prosecution. Point 55 contends that the trial court erred in denying Cronen's motion for continuance and point 56 contends that the trial court erred in denying Cronen's motion to record proceedings. Neither point 55 or 56 is briefed; the motions or rulings complained of are not contained in the record; and Cronen has not shown that he preserved error, if any, on these points. Therefore, these points are without merit.

Accordingly, we dismiss for want of jurisdiction that portion of this appeal relating to the summary judgment granted by the trial court on June 5, 1985 in favor of the City of Houston and the Houston Police Department. We overrule Cronen's remaining points of error and affirm the trial court's judgment of dismissal for want of prosecution.

■ However, our consideration of this case does not end here. Ignoring settled law and in violation of TEX.R.APP.P. 74(h), (j), Cronen has filed a handprinted[6] 135–

---

**4.** Cronen's briefing on some points consists of lists of case citations without any indication of the legal propositions contained in those cases. Cronen does not present argument, discussion, or record references. Also interspersed throughout his brief, and presented without explanation or argument, appear copies of various statutes and cases from this and other jurisdictions including excerpts apparently taken from an ancient English legal treatise and written in old English. Cronen makes no attempt to demonstrate the relevancy of these excerpts, if indeed any exists.

**5.** Argument on many of the points consists of cryptic and isolated comments, apparently meant to attack the trial court's application of the law. Cronen also states legal principles without any explanation of their relevancy. An appellate court does not represent any party to the appeal. *Henry S. Miller Mgt. Corp. v. Houston State Assoc.,* 792 S.W.2d 128, 134 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Consequently, we will not attempt to determine how the legal principles cited by Cronen might apply to the facts of his case.

**6.** Rule 74(j) was adopted in its present form in 1986. It contains the heading "Briefs Typewritten or Printed" and states that "The brief of either party may be typewritten, or printed. If typewritten, it must be double spaced." Prior to 1984, the provision contained in rule 74(j) did not appear in the rules. It was added in 1984 and, at that time, contained the following heading: "Briefs Written, Typewritten or Printed." The language of the 1984 version read as follows: "The brief of either party may be written, typewritten, or printed. If written, it shall not exceed fifteen pages of manuscript. If typewritten, it must be with double space between the

page brief raising 70 points of error. The prolonged amount of Court time and effort expended in addressing this appeal leads us to consider further the situation that arises when a pro se litigant deluges the court with frivolous appeals. This is not the first time that Cronen has been before this Court. In addition to *Cronen v. Nix,* the case cited above, we take judicial notice of our records in the following cases:

*Cronen v. Mathieu,* No. 01–82–00532–CV.

*Cronen v. Chambers,* No. 01–85–00571–CV.

*Cronen v. Oliver,* No. 01–85–00463–CV.

*Cronen v. Pierce,* No. 01–86–00914–CV.

*Cronen v. Harrison,* No. 01–88–00528–CV.

*Cronen v. Brawner,* No. 01–89–00684–CV.

*Cronen v. Pierce,* No. 01–90–00123–CV.

*Cronen v. Smith,* No. 01–90–00757–CV.

*Cronen v. County Storage Lot,* No. 01–91–00277–CV.

*Cronen v. City of Pasadena,* No. 01–91–00922–CV.

In addition, two other cases filed by Cronen are currently pending on this Court's docket: *Cronen v. City of Pasadena,* No. 01–90–00507–CV, and *Cronen v. City of Pasadena,* 01–91–01275–CV, in which Cronen has filed a handprinted brief raising 35 points of error.

As in the instant case, many of these cases contain voluminous documents, filed both here and in the trial court, that were handprinted by the appellant or handwritten in a small script. Cronen has, in fact, deluged this Court with handprinted material. His briefs are not only extremely difficult to decipher, they, like the handprinted documents contained in the transcript, are physically hard to read. Reading and addressing such a quantity of handprinted material is a cumbersome and time-consuming process. Furthermore, after spending hours attempting to make

sense of Cronen's lengthy filings, more often than not we conclude, as we have in this case, that the proceedings are frivolous.

In *Birdo v. Holbrook,* 775 S.W.2d 411 (Tex.App.—Fort Worth, 1989, writ denied), the Fort Worth court of appeals addressed the problem of abusive pro se litigants who divert limited judicial resources to the handling of frivolous or harassing suits. *Birdo,* 775 S.W.2d at 412. We agree with the court's opinion in that case and find their approach to this problem instructive.

Like the Fort Worth court and, presumably, the other courts of appeals in this state, we do not have unlimited time. Every paper filed with the clerk of this Court, no matter how repetitious or frivolous, requires some portion of the Court's limited resources. A part of our responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989). Time spent trying to make sense out of Cronen's lengthy, handprinted documents detracts from our ability to consider his and other appeals.

Other jurisdictions have consistently held that courts have the inherent power to protect the administration of justice from pro se litigants whose conduct impairs the court's ability to carry out its functions. *See Birdo,* 775 S.W.2d at 412 and the many cases cited therein. Those courts have established a variety of methods to manage pro se filings.

We believe the adoption of one such method is warranted, and we now direct the clerk of this Court not to accept any handprinted or handwritten documents or briefs in future cases filed by Cronen. In addition, all briefs filed by Cronen must conform to the page length requirements set out in rule 74(h). Cronen may, of course, continue to represent himself be-

---

lines, and at least one copy shall be an original written on heavy white paper in clear type." Based upon the obvious change in the language of the rule in 1986, we conclude that the word "printed" was not intended to mean handprinted. Nevertheless, in spite of the present lan-

guage of rule 74(j), this Court accepts and will continue to accept and file handprinted and handwritten documents from pro se parties who are indigent and who do not abuse the privilege accorded them by filing frivolous documents in violation of length restrictions.

fore the Court. In addition, we have accepted the handprinted documents filed in this case.

Although these restrictions place a burden on Cronen to abide by the same regulations that apply to other litigants who seek access to the Court, they do not violate the open courts provision of the Texas Constitution. TEX. CONST. art. I, sec. 13. The interpretive commentary to section 13 points out that the "open courts" provision is based on Magna Carta, which states in relevant part, "To none will we sell, to none deny or *delay*, right or justice." We do not violate the open courts provision by enforcing rules of appellate procedure established to promote the expeditious administration of justice. Cronen still has access to this Court; he must simply present his appeals in compliance with the same rules imposed on other litigants. *Birdo*, 775 S.W.2d at 414.