LLOYD MATTHEWS *vs.* COMMISSIONER OF CORRECTION & others[1] (and seven companion cases[2]). June 20, 2007. *Rules of Appellate Procedure. Imprisonment,* Access to typewriter, Access to courts.

Lloyd Matthews, an indigent self-represented inmate, appeals from orders entered by single justices of the Appeals Court denying his motions for leave to file handwritten briefs in various civil appeals that he initiated in that court. The issue presented is whether, in denying Matthews's motions, the single justices abused their discretion. Because we have never before addressed the scope of judicial discretion in these circumstances, we outline here factors that a single justice ought to weigh when considering an indigent self-represented inmate's motion for leave to file a handwritten brief, and we remand the matter to the Appeals Court for further consideration of Matthews's motions in light of these factors.

*Background.* After Matthews moved unsuccessfully in the Appeals Court for leave to file handwritten briefs, he petitioned for relief from a single justice of this court, pursuant to G. L. c. 211, § 3. He claimed that he had been given insufficient access to a prison typewriter to enable him to type all of his briefs and file them in a timely manner. At the urging of the single justice, Matthews sought and obtained assurances from the superintendent of the Massachusetts Correctional Institution at Cedar Junction that he would have access to a typewriter in the prison's library to type his briefs. Thereafter, the single justice denied the petition. Matthews appealed. We affirmed the judgment of the single justice, hopeful that the superintendent would follow through with his assurances, that Matthews would avail himself fully of his access to a prison typewriter, and that the Appeals Court would treat Matthews's filings reasonably, in light of all the circumstances. See *Matthews* v. *Appeals Court,* 444 Mass. 1007, 1008 (2005).

Matthews sought a rehearing, claiming that he still lacked sufficient access

---

[1]George Grigas, Michael Jeghers, and Warner Smith.

[2]Lloyd Matthews *vs.* Commissioner of Correction & others; Lloyd Matthews *vs.* Peter Pepe; Lloyd Matthews *vs.* Superintendent, Massachusetts Correctional Institution, Cedar Junction & another; Lloyd Matthews *vs.* Commissioner of Correction & others; Lloyd Matthews *vs.* Superintendent, Massachusetts Correctional Institution, Cedar Junction; Lloyd Matthews & another *vs.* Massachusetts Correctional Institution, Cedar Junction; Lloyd Matthews & others *vs.* Superintendent, Massachusetts Correctional Institution, Cedar Junction & others.

to a typewriter to type his briefs. We denied the request but explained (in an unpublished order) that, for any of his appeals in which a single justice of the Appeals Court had denied him leave to file a handwritten brief, Matthews could appeal from that single justice's decision to a panel of the Appeals Court. See *Hunt* v. *Appeals Court*, 444 Mass. 460, 464-466 & n.4 (2005). Matthews did so for each of his affected appeals. Pursuant to an order of the Appeals Court, he filed a single brief addressing all of those limited appeals. We transferred the cases here on our own motion.[3]

*Discussion.* The Massachusetts Rules of Appellate Procedure require that litigants generally use computer word processing or a typewriter to produce their briefs. See Mass. R. A. P. 20 (a), as appearing in 428 Mass. 1603 (1999) (typeface shall be monospaced font such as pica type produced by typewriter or Courier font produced by word processor). See also Mass. R. A. P. 12, 365 Mass. 857 (1974) (parties allowed to proceed in forma pauperis may file brief "in typewritten form"). The purpose of such rules is to promote the efficient resolution of appeals. See *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 378 (1975) (purpose of rules of appellate procedure to "simplify and expedite appellate procedure"). See also *Matter of Penn Cent. Transp. Co.*, 630 F.2d 183, 192 (3d Cir. 1980) (adherence to Federal Rules of Appellate Procedure regarding appearance of briefs "assures the orderly flow of cases through this court and enables the court to concentrate on the merits of an appeal without the extraneous interference of sloppy craftsmanship"); *Birdo* v. *Holbrook*, 775 S.W.2d 411, 412 (Tex. Ct. App. 1989) ("Time spent trying to make sense out of [appellant's pro se] lengthy handprinted documents detracts from this court's ability to consider his and other appeals"). Self-represented litigants are required to follow the rules of appellate procedure. See *Commonwealth* v. *Jackson*, 419 Mass. 716, 719-720 & n.3 (1995); *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't*, 417 Mass. 183, 184 (1994), and cases cited. In certain circumstances, however, a single justice may, in his or her discretion, allow a litigant to file a handwritten brief. See Mass. R. A. P. 20 (a) ("Briefs . . . not in substantial compliance with these rules shall not be received *unless the appellate court or a single justice shall otherwise order*" [emphasis added]). See also Reporters' Notes to Mass. R. A. P. 20, Mass. Ann. Laws Court Rules, Rules of Appellate Procedure at 94 (LexisNexis 2006) ("Where [a litigant] is unable to comply with the technical requirements of Rule 20, it would be advisable to move in the appellate court in advance for leave to file a non-conforming brief rather than risk rejection of the filing at a point where time deadlines may be about to expire").[4] In moving for leave to file a handwritten brief, the litigant bears the burden of providing detailed reasons why he or she is unable to comply with the rules of procedure. With those principles in mind, we consider the factors relevant to a single justice's exercise of discretion in deciding whether to allow an indigent self-represented inmate to file a handwritten brief.

---

[3]We acknowledge the amicus brief filed jointly by the American Civil Liberties Union of Massachusetts, the Committee for Public Counsel Services, and Massachusetts Correctional Legal Services.

[4]Like our rules, the Federal Rules of Appellate Procedure require that briefs generally be typewritten, but exceptions are allowed by local rule or by orders in specific cases. See Fed. R. A. P. 32 (a) and (e) (2007). No local rule of the United States Court of Appeals for the First Circuit specifically addresses the submission of handwritten briefs.

The initial question is whether the inmate is *able* to submit a typewritten brief, i.e., whether the litigant has access to a typewriter or can enlist someone else to type the brief (e.g., another inmate, a family member, or a friend).[5] In answering this question, a single justice may treat as sufficient an affidavit from an inmate explaining in detail why he or she is unable to submit a typewritten brief. Of course, no motion for leave to deviate from our rules of appellate procedure should ever be made lightly; with respect to motions to file handwritten briefs, we note that self-represented inmates have often found — and no doubt will continue to find — ways to submit typewritten briefs, aware that doing so best enables the courts to focus on their claims. See *Matter of Penn Cent. Transp. Co.*, *supra*; *Birdo* v. *Holbrook*, *supra*. The legibility of a litigant's penmanship is another pertinent factor: poor handwriting requires time to decipher, and thus frustrates an appellate court's ability to allocate its limited resources in ways that best promote the interests of justice.[6] See *Cronen* v. *County Storage Lot*, 831 S.W.2d 895, 898 (Tex. Ct. App. 1992). In addition, a single justice may consider whether a self-represented inmate has a history of filing frivolous appeals. See *id.* at 897 n.6 (intermediate Texas appellate court would accept "handwritten documents from pro se parties who are indigent and who do not abuse the privilege . . . by filing frivolous documents"); *Birdo* v. *Holbrook*, *supra* at 412-413, and cases cited ("courts have the inherent power to protect the administration of justice from pro se plaintiffs who divert limited judicial resources to the handling of frivolous or harassing suits"). Finally, when considering whether to allow an indigent inmate leave to file a handwritten brief, a single justice should bear in mind that inmates have a Federal constitutional right of access to the courts, at least to pursue nonfrivolous claims challenging their convictions or the conditions of their confinement (through civil rights actions under 42 U.S.C. § 1983 [2000]). See *Lewis* v. *Casey*, 518 U.S. 343, 350, 353-356 (1996), and cases cited.[7,8] We turn now to Matthews's circumstances.

According to the record before us, the prison where Matthews is incarcerated has five or six typewriters that are kept in the prison's library. While Matthews claims that his access to those typewriters is sometimes limited by factors beyond his control (such as when the prison is "locked down"), he does not claim that he has no access to a typewriter at all. Rather, Matthews's problem is that, because of the volume of his appeals, he is unable to submit timely typewritten briefs in all of his appeals. At the same time, the Appeals Court has an interest in promoting the efficient administration of all of the appeals before it. See *Cronen* v. *County Storage Lot*, *supra* at 898. Thus, in deciding how to

---

[5]We commend to the attention of the Supreme Judicial Court steering committee on self-represented litigants consideration whether private law firms might wish to provide, on a pro bono basis, secretarial services for incarcerated self-represented litigants who are otherwise unable to file typewritten briefs.

[6]A judge can get an idea of an inmate's handwriting from the inmate's motion for leave to file a handwritten brief, which presumably would itself be handwritten by the inmate.

[7]The constitutional right does not extend to other sorts of actions. See *Lewis* v. *Casey*, 518 U.S. 343, 355 (1996) (inmates not guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims").

[8]In his or her motion for leave to file a handwritten brief, the inmate should state the nature of the case on appeal.

handle Matthews's situation, the Appeals Court might, in addition to weighing the factors outlined above, consider whether it would be in the interest of the efficient administration of justice to require Matthews to file a typewritten brief in one or more of his pending appeals (and allow him time to do so) while granting him leave to file handwritten briefs in the others (if the Appeals Court concludes that such leave is warranted in those cases). We do not, however, express an opinion on how the Appeals Court should ultimately resolve Matthews's requests for leave to file handwritten briefs. The matter specifically affects the administration of the Appeals Court's caseload, and so the Appeals Court is best equipped to decide how to handle the matter. We only point out here the factors and considerations that ought to guide the Appeals Court's decision.

We remand the matter to the Appeals Court for further consideration of Matthews's motions, consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Lloyd Matthews*, pro se.

*Nancy Ankers White*, Special Assistant Attorney General, & *Chaleunphone Nokham* for the defendants.

*Beth L. Eisenberg*, Committee for Public Services, *James R. Pingeon, & John Reinstein* for Massachusetts Correctional Legal Services & others, amici curiae.