# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00519-CV

### John Koo-Hyun Kim, Appellant

### v.

### Walnut Creek Crossing Apartment Manager's Supervisors; Luena Valendate; Kiri Leddis; and President Evan Griffiths, and Westdale Asset Management, Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-07-001648, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Koo-Hyun Kim appeals from the trial court's final summary judgment granted in favor of appellees.[1]  We modify the trial court's judgment and affirm as modified.

In June 2007, Kim sued appellees, claiming housing discrimination.  He asserted that

---

[1]  Kim is representing himself in this matter.  A litigant who chooses to proceed pro se must comply with the procedural rules and is held to the same standards applied to attorneys.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied); *see also Cronen v. County Storage Lot*, 831 S.W.2d 895, 896 (Tex. App.—Houston [1st Dist.] 1992, no writ).  Kim has not complied with the appellate rules, which are readily available on-line or in law libraries, even when directed by this Court to a specific rule.  For example, when directed to file his appellant's brief, Kim instead filed a "motion to restrain Peace Court of Precinct Two" and a "motion for rehearing," apparently believing his case had been dismissed.  For this failure alone, we may dismiss Kim's suit for want of prosecution.  *See* Tex. R. App. P. 42.3.  However, in the interest of justice, we will consider the merits of Kim's complaints as put forth in his filings.

In his notice of appeal, Kim names the above-named parties as appellees.  In other filings, Kim also names as "new defendants" a trial court judge, two trial court clerks, and the undersigned justices.  Those individuals were not parties in the underlying suit, and Kim may not name them as appellees.  *Cf. O'Reilly v. Brodie*, 975 S.W.2d 57, 60 (Tex. App.—San Antonio 1998, pet. denied) (non-class members were not parties to suit and thus lacked standing to appeal).

in May 2006, he informed appellees that he planned to renew his apartment lease and that on June 3, 2007, when he attempted to pay June's rent, appellees refused to accept the rent payment. He also asserted that his apartment was infested with rats and that appellees did not address the issue, despite being notified several times, and that Kim and his wife were forced to live with rats for ninety days. He further complained that he was humiliated and insulted with regard to his payment of water bills. He asserted that the apartment does not have a water meter, that appellees did not show him how much water he and his wife used, that the amounts claimed by appellees were higher than the water bills Kim paid while living in a metered apartment in the Dallas area with more family members, and that appellees water the grass even when it is raining. He stated that in two months in 2006 he paid rent five days late "but we paid." Kim sought $5,000,000 for what he asserted were ninety daily violations related to the rat problem, five violations related to water bills, and five violations related to acceptance of rent and late fees (each violation valued by Kim at $50,000 per day). Kim sought a temporary restraining order, which the trial court denied.[2]

Appellees then moved for a no-evidence summary judgment, asserting that Kim had failed to allege any violations of the Texas Fair Housing Act.[3] Appellees noted that Kim's pleadings pointed instead to provisions related to the Texas Workforce Commission and the Attorney General. Appellees asserted that Kim had not alleged a specific statutory violation, that he could not produce

---

[2] Kim filed a premature notice of appeal from what he characterized as a "final order" but what was instead the court's denial of his motion for a temporary restraining order. *See In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (temporary restraining order generally not appealable). Kim's appeal ripened when the trial court signed an order granting appellees' motion for summary judgment several months later. *See* Tex. R. App. P. 27.1.

[3] *See* Tex. Prop. Code Ann. §§ 301.001-.171 (West 2007).

evidence supporting an allegation of discriminatory housing practices, and that there was no evidence that they acted based on a protected class, such as race or religion. Appellees sought attorney's fees under section 301.156 of the property code, which allows a prevailing party to recover fees in an action under chapter 301. *See* Tex. Prop. Code Ann. § 301.156 (West 2007). Following a hearing on appellees' motion, the trial court signed a final summary judgment, dismissing Kim's claims against appellees and ordering him to pay them $8,868.71 in trial-court attorney's fees.

To succeed on a housing discrimination claim, a plaintiff must show that the defendant discriminated against the plaintiff in sale or rental terms or refused to sell or rent a dwelling to the plaintiff "because of race, color, religion, sex, familial status, or national origin." *Id*. § 301.021 (West 2007). That appellees decided not to renew Kim's lease or did not adequately address a rodent problem does not amount to housing discrimination unless their actions were prompted by the Kims' race, religion, national origin, or other protected class. *See id.* Instead, once appellees filed their no-evidence motion, *see* Tex. R. Civ. P. 166a(i),[4] asserting that Kim could not show that they acted on based on a protected class, an essential element of his housing discrimination claim, the burden shifted to Kim to come forward with some evidence to support his claim. *See id*.; *Cantu v. Texas Workforce Comm'n*, 145 S.W.3d 236, 239 (Tex. App.—Austin 2004, no pet.). Kim was required to show that appellees' behavior was somehow motivated by his or his wife's race, color, religion, sex, familial status, or national origin, but he did not respond with evidence of any

---

[4] "A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review." *Cantu v. Texas Workforce Comm'n*, 145 S.W.3d 236, 240 (Tex. App.—Austin 2004, no pet.).

kind, much less any that might show such motives. Thus, the trial court did not err in granting appellees' motion.[5]

The trial court's final summary judgment provided that appellees should recover from Kim $30,000 in the event of a successful appeal to this Court. Because appellees have not filed any documents or taken any action in this cause, it would be inequitable for them to recover attorney's fees after this appeal. We therefore modify the trial court's judgment to delete the award of appellate attorney's fees. We affirm the trial court's judgment as modified. We further deny Kim's various pending motions to, among other things, cancel an eviction, restrain the trial courts, and have an "open court hearing because of secretive judicial misconducts."

_____

David Puryear,  Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:  August 8, 2008

_____

[5] On appeal, Kim uses derogatory language when referring to this Court. Although such behavior might rise to the level of sanctions, we will overlook his inappropriate tone and responses to our inquiries. Kim also makes repeated reference to the trial court's and our failure to hold a trial on his claims, despite the fact that this Court does not conduct "trials." In this and several other matters filed by Kim, he complains of trial court orders postponing trial, such as granting a motion for continuance, or denying Kim's requests, such as the denial of his motion for a temporary restraining order. However, a trial court's allowing a continuance or making a similar procedural decision generally may not be appealed prior to a final judgment. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) ( unless authorized by statute, "appeals may be had only from final orders or judgments"). Further, simply because Kim filed a lawsuit does not by itself entitle him to his "day in court" in the form of a trial on the merits. Instead, after appellees filed their motion for summary judgment, Kim had the burden to produce evidence showing that his claim had a basis in fact. Because he failed to do so, the trial court properly granted judgment against him before his suit came to trial.