# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00224-CV

**John Koo-Hyun Kim, Appellant**

**v.**

**State Farm Insurance Company and Texas Department of Public Safety, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-06-004078, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Koo-Hyun Kim appeals from the trial court's orders granting the plea to the jurisdiction filed by appellee the Texas Department of Public Safety and granting summary judgment in favor of appellee State Farm Insurance Company.[1] We affirm.

---

[1] Kim is representing himself pro se. A litigant who chooses to proceed pro se must comply with the procedural rules and is held to the same standards applied to attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied); *see also Cronen v. County Storage Lot*, 831 S.W.2d 895, 896 (Tex. App.—Houston [1st Dist.] 1992, no writ). Kim has not complied with the appellate rules, which are readily available on-line or in law libraries, even when directed by this Court to a specific rule. For example, when directed to file his appellant's brief, Kim instead filed a "motion to have a jury trial," attacking various statements in the trial court's orders. For this failure alone, we may dismiss Kim's suit for want of prosecution. *See* Tex. R. App. P. 42.3. However, in the interest of justice, we will consider the merits of Kim's complaints as put forth in his appellate filings.

In his docketing statement, Kim names the Department and State Farm as appellees. In other filings, including his notice of appeal, Kim also lists two trial court judges and appellees' attorneys. Those individuals were not parties in the underlying suit, and Kim may not name them as appellees. *Cf. O'Reilly v. Brodie*, 975 S.W.2d 57, 60 (Tex. App.—San Antonio 1998, pet. denied) ("As non-class members they are not parties to the suit, *see* Tex. R. App. P. 25.1(b) . . . , and they are not bound by the terms of the settlement; hence, they have no standing.").

In October 2006, Kim sued State Farm and the Department, alleging that in 1991, after he was involved in an accident, the Department asked him to pay more than $6,000 to the other driver and then suspended his license. He stated that the license was reinstated in 2006, shortly before he filed suit. Kim sought to have his driver's license reinstated "with no more condition[s]" and asked for an apology and $14,000,000 in compensation for fifteen years of "unfair and illegal suspension" of his license.

In State Farm's motion for summary judgment and the Department's plea to the jurisdiction, appellees more fully explained the underlying facts. In December 1990, Kim was involved in an accident with an insured of State Farm's. Kim was uninsured and thus State Farm paid its insured's damages through his uninsured motorists benefits. Because Kim was uninsured, the Department suspended his license pursuant to statute on June 3, 1991. On August 31, 1992, Kim was issued an occupational driver's license that limited his driving time to four hours a day. In June 1994, State Farm sued Kim, seeking recovery for the damages it paid to its insured. In January 1995, a judgment for $7,188.66 was rendered against Kim. State Farm asserted that its 1995 judgment against Kim, which remains unsatisfied, was the basis for a second suspension of Kim's license in July 1995. Sometime after Kim's license was suspended the second time, he sought and obtained an occupational driver's license "for a number of years."

State Farm sought summary judgment on limitations grounds, noting that Kim filed suit more than ten years after State Farm's judgment against him became final and more than fifteen years after his license was suspended. State Farm asserted that Kim was attempting to collaterally attack its 1995 final judgment. State Farm attached the 1991 notice of suspension sent to Kim by

2

the Department, the 1992 order granting Kim an occupational license, its petition and motion for summary judgment from its suit against Kim, the 1995 judgment in State Farm's favor, and the 1995 order suspending Kim's license due to his failure to satisfy State Farm's judgment. In its plea to the jurisdiction, the Department argued that Kim did not state a cognizable cause of action and that because his license was no longer suspended, any claims against the Department were moot.

The trial court granted State Farm's motion for summary judgment and the Department's plea to the jurisdiction, dismissing Kim's suit. Kim responded to State Farm's motion for summary judgment, asserting that he did not have notice of the hearing and that his rights had been violated by the trial court's procedures. In his notice of appeal, Kim asserted that the trial court and appellees' attorneys had violated his constitutional open-courts rights. In his documents filed in this Court, Kim complains that he was denied a trial and asks to have the cause remanded to the trial court for a full trial. He also asks us to order State Farm to pay him $7,000,000 and to order the Department to remove any record of the suspension from his records.

To maintain an open-courts challenge, Kim must plead a cognizable common-law cause of action that is being restricted and show that the restriction on his ability to assert the claim is unreasonable when balanced against the restricting statute's purpose. *See Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). Texas courts have held that statutes of limitation and governmental immunity provisions do not violate the open-courts provisions of the Texas Constitution. *See, e.g.*, *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 410 (Tex. 1997) (sovereign immunity); *De Mino v. Sheridan*, 176 S.W.3d 359, 370 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (sovereign immunity); *Seibert v. General Motors Corp.*, 853 S.W.2d 773, 780

3

(Tex. App.—Houston [14th Dist.] 1993, no writ) (statute of limitations). Applying limitations to Kim's suit, brought more than a decade after his license was suspended, does not violate open-courts provisions. Further, because Kim's license was reinstated prior to his filing suit, his claims seeking to have his license reinstated without restrictions were moot and therefore appropriately dismissed. Finally, we agree with the Department that Kim's suit—seeking an apology from the Department, reinstatement of his already reinstated license, removal from his record of any reference to the suspension, and $14,000,000 in damages from State Farm for the Department's suspension of his license, a suspension he did not contest for about eleven years—did not state a cognizable cause of action against the Department.

Simply because Kim filed a lawsuit does not by itself entitle him to his "day in court" in the form of a trial on the merits. Instead, Kim must have filed suit within the applicable limitations period and must have asserted a recognized cause of action against all parties. Because he failed to do either, the trial court properly dismissed his suit before it came to trial. We affirm the trial court's orders.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: August 8, 2008

4