James Santry has been charged in the Boston Municipal Court with firearm offenses. It appears that he has filed a number of pretrial motions in the trial court, including one or more motions to suppress, to dismiss, and to exclude evidence, all of which have been denied. Relying on Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996), he then applied to a single justice in the county court for leave to pursue an interlocutory appeal from the denial of his motions. The single justice denied his application, and he now purports to appeal from the single justice’s ruling.
With respect to any suppression motions, this appeal is not properly before us. A defendant in a criminal case has no right to appeal to the full court from a single justice’s denial of an application for leave to appeal. Bonilla v. Commonwealth, 460 Mass. 1014, 1015 (2011). Cowell v. Commonwealth, 432 Mass. 1028 (2000). With respect to any motions to dismiss and to exclude evidence, there is nothing in Mass. R. Crim. P. 15 that authorizes a defendant to seek leave to pursue an interlocutory appeal from rulings on such motions. See Azubuko v. Commonwealth, 464 Mass. 1002, 1002 (2012). The rulings on all of Santry’s motions are reviewable on direct appeal, if and when he is convicted.[1]

Appeal dismissed.

For his “brief’ on appeal, Santry has filed a copy of one of the motions to dismiss that he filed in the trial court. He also has filed a “supplement to argument” consisting of letters and other exhibits. These do not comply with the requirements for a brief. See Mass. R. A. P. 16 (a), as amended, 428 Mass. 1603 (1999). See also Matthews v. Commissioner of Correction, 449 Mass. 1021, 1022 (2007) (“Self-represented litigants are required to follow the rules of appellate procedure”).